IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CATYANA SANTIAGO, | ) |
|     Plaintiff, | ) |
| v. | )   Case No.: |
| NEUROSKELETAL IMAGING, LLC., | ) |
|     Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, CATYANA SANTIAGO ("Plaintiff" or "Santiago"), and files her Complaint against Defendant, NEUROSKELETAL IMAGING, LLC ("Defendant" or "NSI"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* as amended by the Pregnancy Discrimination Act of 1978 ("Title VII") and the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA") to redress Defendant's unlawful employment practices against Plaintiff, including discrimination due to her sex and pregnancy, retaliation due to Plaintiff's request for protected medical leave.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's Title VII and FMLA claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights.

1

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Santiago, is a citizen of the United States, and was at all times material, a resident of the State of Florida.

5. Plaintiff worked for Defendant at its office located at 1315 S. Orange Ave., #1B, Orlando, Florida 32806.

6. Defendant is a Florida Limited Liability Company with its principal place of business in Melbourne, Florida.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about May 15, 2020, Plaintiff timely filed a claim with the Equal Employment Opportunity Commission ("EEOC"), satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e).

10. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11. On October 20, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

12. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant as Patient Coordinator from approximately June 6, 2018 until approximately March 22, 2019. On September 24, 2019, Plaintiff was rehired as a Front Desk Scheduler at Defendant's Orlando office and worked in that position until her unlawful termination.

14. Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

15. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of Plaintiff's position.

16. Plaintiff is a female.

17. Plaintiff notified Louann Meli, Manager, and Aribel Reyes, Scheduling Supervisor, that she was pregnant.

18. In September 2019, Plaintiff verbally informed Ms. Meli and Ms. Reyes that her expected due date was in March 2020.

19. From the time that Plaintiff informed Defendant that she was pregnant, Defendant targeted plaintiff due to her pregnancy.

20. Plaintiff was subjected to disparate treatment and discrimination due to Plaintiff's sex and pregnancy with regards to the terms and conditions of Plaintiff's employment.

21. Similarly situated non-pregnant employees were treated more favorably than Plaintiff during Plaintiff's employment.

22. Similarly situated non-female employees were treated more favorably than Plaintiff during Plaintiff's employment.

23. On or about January 30, 2020, Plaintiff requested FMLA paperwork for maternity leave.

24. Plaintiff is a covered "employee" as defined by the FMLA because she worked at least 1,250 hours of service during the 12 months[1] preceding the leave and worked at a location where the employer has at least 50 employees within 75 miles.

25. In early February 2020, Plaintiff provided her completed FMLA paperwork to Defendant.  Plaintiff's paperwork advised that she would need to begin her leave on or about February 28, 2020 but noted that Plaintiff may need to begin her leave earlier.

26. Upon the advice of her medical provider, Plaintiff contacted Ms. Meli and requested that her FMLA leave begin on or about February 26, 2020.

27. Ms. Meli responded to Plaintiff by making a harassing comment that Plaintiff's request was "last minute," despite the fact that Plaintiff made the request as soon as her need to expedite her maternity leave became medically necessary.

28. Ms. Meli also commented about what would happen if Plaintiff did not return after her maternity leave, which Plaintiff took as a sign that Defendant was looking forward to ending her employment.

29. Defendant requested updated FMLA forms from Plaintiff.

30. Plaintiff provided updated FMLA forms to Defendant and informed Ms. Meli and Ms. Reyes that she had an appointment with her midwife scheduled for February 26, 2020.

31. Plaintiff requested time off to go to the February 26, 2020 appointment, and Ms. Meli granted the request.

---

[1] The 12 months of employment do not have to be consecutive as long as the break in services was not for a period of more than seven (7) years. https://www.dol.gov/agencies/whd/fact-sheets/28-fmla

32. Plaintiff also informed Ms. Meli that it was likely that the midwife would advise Plaintiff to begin her FMLA leave immediately following the appointment.

33. On February 26, 2020, Ms. Meli sent Plaintiff a text message asking her to cover the front desk that morning.

34. Plaintiff replied that she sent in updated FMLA documents reflecting that February 25, 2020 would be her last day before beginning FMLA leave.

35. Ms. Meli responded by informing Plaintiff her employment was terminated. .

36. Plaintiff was terminated due to a pregnancy related absence of which Defendant was previously aware.

37. Plaintiff has been damaged by Defendant's illegal conduct.

38. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Sex and Pregnancy Based Discrimination
in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978**

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

40. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's pregnancy.

41. Defendant is prohibited under Title VII from discriminating against Plaintiff because of Plaintiff's pregnancy with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

42. Defendant violated Title VII by unlawfully discriminating against Plaintiff based on Plaintiff's pregnancy.

43. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's pregnancy.

44. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

45. Defendant's unlawful conduct in violation of Title VII is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II: Retaliation in Violation of Title VII

46. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

47. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

48. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

49. Defendant's conduct violated Title VII.

50. Plaintiff has satisfied all statutory prerequisites for filing this action.

51. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

52. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

53. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

### Count III: Interference in Violation of the FMLA

54. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

55. Plaintiff is a covered "employee" as defined by the FMLA because she worked at least 1,250 hours of service during the 12 months preceding the leave and worked at a location where the employer has at least 50 employees within 75 miles.

56. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

57. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

58. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

59. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

60. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

### Count IV: Retaliation in Violation of the FMLA

61. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-39 above.

62. Plaintiff is a covered "employee" as defined by the FMLA because she worked at least 1,250 hours of service during the 12 months preceding the leave and worked at a location where the employer has at least 50 employees within 75 miles.

63. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

64. Plaintiff exercised or attempted to exercise her rights under the FMLA.

65. Defendant retaliated against Plaintiff for exercising or attempting to exercise her rights under the FMLA.

66. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

67. Plaintiff was injured due to Defendant's willful violations of the FMLA and she is entitled to legal relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar Number: 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*
